IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**LARRY BECHEL,**

**Defendant.**                                                   No. 09-CR-30007-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is a motion from Bechel asking the Court to drop all charges as he committed no crime against the United States (Doc. 140).  Based on the following, the Court dismisses for want of jurisdiction the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996).  The following post-judgment motions are allowed if timely filed.  Under Federal Rule of Criminal Procedure 35, revision is

proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty.  Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Bechel does not cite any case law or statute that would allow the Court to consider his motion.  Moreover, Rule 35 is inapplicable because this motion is brought over 4 years *after* the sentencing (August 12, 2010) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error.  Likewise, Rule 33 does not apply because the motion is not brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Bechel could bring this motion is a § 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).  After reviewing the pleadings, it is not clear to the Court that Bechel intends to pursue a collateral attack.[1]  Because the Court finds that Bechel's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Bechel's motion

---

1 **Error! Main Document Only.**In the event that Bechel wishes to file a collateral attack, the Court advises Bechel to consult 28 U.S.C. § 2255, the Federal Rules of Criminal Procedure and the Court's Local Rules on how to properly file such a petition.

asking the Court to drop all charges as he committed no crime against the United States (Doc 140).

**IT IS SO ORDERED.**

Signed this 2nd day of February, 2015.

Digitally signed by David R. Herndon
Date: 2015.02.02 12:42:20 -06'00'

**United States District Court**