IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**LARRY BECHEL,**

**Defendant.** No. 09-CR-30007-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Pending before the Court is another pro se motion filed by Bechel in this closed criminal case. This motion is titled as a motion to void judgment for a lack of jurisdiction by Federal Rule of Civil Procedure 60(b)(4) or (6) in this long closed criminal case (Doc. 143). Based on the following, the Court dismisses for want of jurisdiction the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or

the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack under 28 U.S.C. Section 2255 which has a 1 year statute of limitations.

Here, Bechel does not cite any case law or statute that would allow the Court to consider his motion in this closed criminal case. Rule 35 is inapplicable because this motion is brought over 7 years *after* the sentencing (August 12, 2010) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error. Likewise, Rule 33 does not apply because the motion is not brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Bechel could bring this motion is a Section 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). The Court notes that Bechel has previously filed a Section 2255 motion/case raising similar arguments that are contained in this motion which was denied and dismissed with prejudice by this Court on September 26, 2016. *See Bechel v. United States*, 15-0572-DRH; Doc. 12. The Court notes that if Bechel would like to file another Section 2255 motion he must seek permission from the Seventh Circuit Court of Appeals before doing so.[1] Because the Court finds that

---

1 Bechel's current motion could be considered a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28

Bechel's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Alternatively, the Court finds that Bechel is not entitled to relief under Rule 60. The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different time-tables govern these motions. Different standards also apply. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment

---

U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [ § 2244(b) ] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989).

Clearly, Bechel's motion was filed well past the 28 day window for Rule 59(e) to apply, thus Rule 60(b) governs. After reviewing the record again, the Court finds that Bechel identifies no manifest error of law, newly discovered evidence, fraud, mistake, or excusable neglect that dictates a different result. His motion merely takes umbrage with the Court's previous ruling and rehashes old arguments that have been addressed by the Court. In rendering this Memorandum and Order and the Memorandum and Order dismissing with prejudice Bechel's 28 U.S.C. § 2255 petition, the Court examined the record and the case law submitted by the parties and remains convinced of the correctness of its position. Thus, the Court denies Bechel's motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Bechel's motion to void judgment for a lack of jurisdiction by Federal Rule of Civil Procedure 60(b)(4) or (6) (Doc 143).

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.26 13:26:29 -05'00'

**United States District Court**