# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:09-cr-30007-DWD |
| | ) |
| LARRY A. BECHEL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant Larry A. Bechel's motion for compassionate release. (Doc. 159)[1] Bechel is currently housed at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP-Springfield"). *Find an inmate*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc (last accessed June 15, 2021). The motion is fully briefed and ripe for decision. (Docs. 159 & 162) For the following reasons, the motion is due to be denied.

### BACKGROUND

On July 2, 2010, Bechel pled guilty to Sexual Exploitation of a Minor and Transportation of and Possession of Matter Containing a Depiction of a Minor Engaging in Sexually Explicit Conduct. (Doc. 83 at 5) As part of his plea agreement, Bechel agreed to waive "his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28." (Doc. 83 at 11) On August 12, 2010, Bechel was

---

[1] All record citations refer to the document and page number as designated by the Court's electronic filing system.

sentenced to a total term of imprisonment of 200 months, followed by a lifetime term of supervised release. (Doc. 96 at 2–3) Bechel, who is 74 years old, reports the following medical conditions: high blood pressure, coronary disease, gout, hypertension, chronic kidney disease, cancer, and tingling in his toes. (Doc. 159 at 19) His medical records indicate that he currently suffers from stage three chronic kidney disease, a very large abdominal hernia, hyperlipidemia, gout, hypertension, coronary atherosclerosis, anemia, hypothyroidism, vitamin D deficiency, and polyneuropathy. (Doc. 162-1 at 9, 12–14, 25–29) On February 25, 2021, Bechel received his first dose of the COVID-19 Moderna vaccine. (Doc. 162-1 at 38)

MCFP-Springfield currently has no inmates or staff who have tested positive for COVID-19. *Coronavirus*, BOP, https://www.bop.gov/coronavirus (last accessed June 15, 2021). While 20 inmates at MCFP-Springfield have died from COVID-19, 363 inmates and 250 staff members have recovered from the virus. *Id.* Of the 854 inmates housed at MCFP-Springfield, *MCFP Springfield*, BOP, https://www.bop.gov/locations/institutions/spg/ (last accessed June 15, 2021), 472 have been fully vaccinated. *COVID-19*, BOP, https://www.bop.gov/coronavirus (last accessed June 15, 2021). The Bureau of Prisons has implemented a Modified Operations Plan to combat the spread of COVID-19 in all of its facilities. *BOP Modified Operations*, BOP, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed June 15, 2021).

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C.

§ 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2] The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020).

After such a motion is filed, either by the Director of the Bureau of Prisons or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement essentially restates § 3582(c)(1)(A), but the Application Notes to the policy statement suggest specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant, and (C) family circumstances. *Application Notes*, U.S.S.G. § 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*

---

[2] The United States does not contend that Smith failed to exhaust his administrative remedies.

Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

## DISCUSSION

Bechel argues that his age, medical conditions, and the COVID-19 pandemic constitute extraordinary and compelling reasons for sentence modification under 18 U.S.C. § 3582(c)(1)(A). (Doc. 159 at 1–2 & 7) According to the Centers for Disease Control ("CDC"), Bechel's chronic kidney disease, hypertension, and coronary atherosclerosis make him more likely to get severely ill from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 15, 2021). His age also places him at an increased risk of getting severely ill from COVID-19. *Id.*

However, Bechel's medical records indicate that he received the first dose of his COVID-19 vaccine on February 25, 2021, and he presumably received his second dose after the United States filed his medical records on March 9, 2021. According to the CDC, "COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death." *When You've Been Fully Vaccinated*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last accessed June 15, 2021). Further, there are no active cases of COVID-19 at MCFP-Springfield, and over half of the inmates have been fully vaccinated. Under these facts, the Court does not find that Bechel's medical conditions and age constitute extraordinary

4

and compelling reasons for sentence modification.³ *See United States v. Ballard*, No. 4:16-cr-40051-SLD-2, 2021 WL 2345007, at *2–3 (C.D. Ill. June 8, 2021) (denying motion for compassionate release for defendant with high-risk medical conditions because she was fully vaccinated and at a facility with no active COVID-19 cases and a high overall vaccination rate).

## Conclusion

For these reasons, it is ORDERED that Bechel's motion for compassionate release (Doc. 159) is DENIED.

**SO ORDERED.**

Dated: June 15, 2021

                                                  DAVID W. DUGAN
                                                  United States District Judge

---

³ The United States also argues that Bechel's plea agreement included a waiver of his right to seek relief under 18 U.S.C. § 3582(c)(1)(A). However, the Court assumes without deciding that Bechel has not waived his right to seek a sentence modification under § 3582(c)(1)(A). The Seventh Circuit has held that a waiver barring a defendant from seeking modification of any aspect of his sentence applied "to his right to seek compassionate release under 18 U.S.C. § 3582(c)(1)(A)" when the waiver was made *after* the First Step Act was passed. *United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021). A decision by Chief Judge Rosenstengel of this Court found that a similar waiver did not apply to a defendant's rights under the First Step Act when the waiver was made *before* the First Step Act was passed in 2018. *United States v. Glasper*, No. 3:11-cr-30053-NJR, 2020 WL 6363703, at *2–3 (S.D. Ill. Oct. 29, 2020). As with the defendant in *Glasper*, Bechel signed his plea agreement with its waiver before 2018. However, with an appeal pending in *Glasper*, *see Bridgewater*, 995 F.3d at 595 n.2, the Court sees no need to decide this question today.